And I will turn to the next case on our calendar, which is Mortgage Resolution Financing and Others versus JPMorgan Chase and Others. Counsel, you may proceed. Good morning, your honors. May it please the court. My name is Roberto DeMarco, and I am counsel for Mortgage Resolution Servicing, also known as MRS, First Fidelity, and S&A Capital, the appellants in this matter, and plaintiffs in the underlying district court action. The issues before us today break down into two main questions. First, how does the law reconcile dismissing the claims brought against the defendant on statute of limitations grounds, while those actions that are at the center, at the core of these claims, actions fully under the control of the defendants to stop and prevent future action, have continued unabated and have even escalated from the time of the, before the filing up until today, almost 13 years later, after the date of the execution of that mortgage loan purchase agreement. On the second issue, how does the law reconcile the finding of damages that have not been shown when the clear evidence of interference with longstanding contractual relationships has been placed on the record, including such specific instances, such as retaining insurance proceeds from the title claims, collecting payments from sold off loans and assigning litigation laden loans to the plaintiff entities. The record in this case is- Would you deal first with the issue of the notice of appeal, which only referred to the reconsideration decision? Can you speak to that? Yes, your honor. And I believe that this is a red herring. It is well settled that the reconsideration, the request for reconsideration halts the case and that it stays all action. In our notice, we stated that, and the commas are very specifically placed, that we did not, the motion after review, did comma, deny plaintiff's motion for reconsideration of the court's judgment entered on December 30th, 2019, comma, that granted defendants motion for partial summary judgment and to exclude expert witness testimony and denied plaintiff's motion for summary judgment, comma, which dismissed and closed the case. But in your motion for reconsideration, you only ask for reconsideration with respect to the damages ruling. That is correct, your honor. And in that motion- And your notice of appeal, your notice of appeal says you are appealing from the order. The order is checked off, entered on January 22nd, 2021. Yes, your honor. But that notice- And that order is just the denial of the motion for reconsideration. But that is the last order in the chain. And our issues raise the entirety of the judgment that is being appealed from. We were very clear in terms of there was a state- I don't think you were very clear. You didn't check off the box that says judgment. I mean, maybe there's an ambiguity here, but I think to say you were very clear is a bit of an overstatement. Your honors, I believed that that was clear, respectfully disagreeing. And I can understand that there is a feeling of ambiguity, but the last operative order in this was to reaffirm the decision of the court on the summary judgments. We made the claim, we set forth the... It is well-settled that there is a stay in the case at the time of the filing of a reconsideration. That reconsideration was specifically only to the issues of damages. That is clear. But the appeal then brought in the prior judgment. I'll continue. As to the logical inconsistencies, your honors, the case, the district court decision then leads to the conclusion that this court must reverse the action taken by the district court as an abuse of discretion. As an initial step, I would like to address the argument that the issue of continuing violations has been waived because plaintiffs did not raise it in the lower court. It was never brought in the lower court because it wasn't an issue in the lower court until the judgment that was issued by the district court. The claim that was made, the request made by the defendants in their summary judgment was to dismiss all actions which occurred after December 24th, 2009. They never requested for actions preceding, I apologize, December 24th, 2009. They never requested dismissal of actions after December 24th, 2009. It was a district court's decision to then extend past that date in its discretion. You knew about the statute of limitations, didn't you? I mean, it didn't come as a surprise to you that there was counting from that date. We did, your honor, but under the accrual basis, those actions that occurred after the 24th of December, 2009 new unpredictable actions such that they are continuing today 13 years later are not actions which can be simply thrown out along with anything that preceded it. The actions were- But you didn't bring your argument to the district court. Ordinarily, we don't consider an argument that wasn't brought to the district court as you well know. Yes, your honor, but if the argument was not predictable to be brought at that time, yes, it would have been understandable about the statute of limitations, but we weren't involved in a statute of limitations argument concerning issues after December 24th, 2009. We were in an argument concerning issues pre-December 24th, 2009. The defendants admit that they've taken actions since December 24th, 2009, and those actions are not predictable. They are not actions- Why is this issue now? Why are you raising the issue now when you didn't raise it before? I mean, what's changed? Your honor, we raise it because the district court issued a summary judgment that dismissed all claims. We didn't expect, the worst case scenario for us when the summary judgment was requested was that the MRS- to rule against you on these issues. You didn't put forth all your arguments because- Well, we didn't put forth arguments for post-December 24th, 2009. That is true because that wasn't the request of the partial summary judgment. The request for the partial summary judgment was only to slice off a piece of the cake. Instead, using its discretion, the district court took out the entire cake. Could you address the damages issue, please? You didn't ask for nominal damages below, and we have another waiver issue about that. We seem to be arguing that even if you haven't demonstrated actual damages, you're entitled, Sean, on showing a breach of the duty of good faith and fair dealing, or maybe breach of a contract to nominal damages. But the essence of the district court's ruling, as I understood it, was that you had not demonstrated you'd suffered any damages at all given the, you've shown, and the defendants have admitted in several cases that they inadvertently, or however, whatever the intention was, released mortgages when they shouldn't have been released or caused some difficulty that would have impaired the value and your ability to collect on some particular parts of the very large portfolio they sent you over time. But I'm not seeing anything that suggests that you had any chance of collecting on those mortgages is in any event. There's nothing specific. You have kind of general conclusory allegations of damage. And then you retreat to this new argument that you were entitled to nominal damages anyway, which again, you didn't raise to the district court. So help me understand what your position is, please. As far as it goes to the damages, Your Honor, the district court in the last footnote states that the plaintiffs had not identified any evidence showing that they were entitled as initial matter to these payments under the terms of the respective agreements. That is incorrect reading of the agreements. In paragraph eight of the Master Mortgage Loan Purchase Agreement, it states that upon the signing and the purchase of a loan, the chase will relinquish all rights, responsibilities, but rights as well. And so when those rights are relinquished, then the- I'm talking about how you are showing that you were actually damaged. If chase in the many, many thousands of impaired mortgages you bought, your client bought, that it's error in relinquishing or releasing a mortgage or making some other kind of consumer oriented action to protect the owner, caused you to actually retain or sustain any loss. These were all very damaged mortgages, which are not right. So how have you shown that you've sustained any loss at all because of their breach? In the record, Your Honor, we demonstrate that there are loans starting with our- I've looked at the list. You listed some general references to loans, but again, I'm not seeing any demonstration that had it not been for the error, you would have been able to collect X, Y, or Z and that you would therefore have sustained damage. Your Honor, one of the things that, if I can change that just to answer it in this manner, one of the requests that we've made to this court is to supplement the record. The new loan, the new documents that came in on a loan that we purchased that is listed in the docket of the underlying case that no action had taken place against since day one. In that loan, we received letters from the borrower, from Chase to the borrower. In that letter, it states, the borrower attempted to make payments to the bank, the bank rejected those payments. That is contained throughout the loans that my client purchased, where the client would attempt, people would attempt to make payments and because Chase was acting as the owner, even though they weren't, they would either take those payments or they would reject the payments as in this case, where it is a strict admission by Chase that they just said, our computers are down and they never said this loan was sold. In fact, they never issued the RESPA statement on that. And we would not have known and could not have known, despite the fact that we said, when they asked for which loans do you want, here it is, looking at exhibit 84. And on that list is this loan that I would like to be able to brief to this court. And that is a- Again, this is not part of the record that was before the district court, is that correct? The new letter, it is not. Thank you. Thank you, counsel. You've reserved three minutes for rebuttal. We'll hear from JP Morgan. Good morning, your honors. May it please the court, Christian Bastilli for defendants at police. For two main reasons, the district court's order granting summary judgment to Chase should be affirmed. Plaintiffs brought two distinct sets of claims below. Plaintiffs formation claims are based on the allegation that Chase failed to deliver the right types of loans and loan documentation under a February 5, 2009 mortgage purchase agreement between Chase and plaintiff MRS. The district court correctly held that the formation claims were time-barred. Plaintiff's interference claims, by contrast, are based on allegations that beginning in 2012, Chase interfered with the plaintiff's ability to collect on some of the loans that they purchased from Chase. The court below correctly held that the plaintiff had failed to come forward with evidence creating a material factual dispute regarding the fact of damages on those claims. Now I wanna start by discussing the formation claims and to highlight three reasons why the court should not disturb the district court's judgment. The first is appellate jurisdiction. I think your honors have that issue, so I'm not gonna spend a lot of time on it. The notice of appeal doesn't identify the judgment. It checks the box for an order, and it says the date of the order being appealed, January 22, 2021. That order dealt only with the interference claims. It doesn't address- What about the language? How do you respond to Mr. DeMarco's argument that the language that follows, it does refer to granting defendants' motions for a partial summary judgment? So that is- Why does that not salvage this? That grammatically modifies, that is a description of the court's judgment entered on September 30, 2019. It describes that judgment as the judgment that granted defendants' motion for partial summary judgment. So grammatically, it just can't bear the reading that Mr. DeMarco is advancing. And frankly, the form asks for the date of the judgment or order being appealed. And the only order identified by date is January 22, 2021. So I just don't think the notice of appeal objectively supports the reading Mr. DeMarco is advancing. Second, unless there are any questions about appellate jurisdiction, I want to turn to waiver. Plaintiff admits that they never made the continuing violations argument below. We'd submit that that should be the end of the matter. They haven't identified any basis for this court to deviate from its usual practice of not considering arguments that weren't raised below. But counsel argue, but excuse me, counsel argues that you have engaged in similar contact, similar conduct during the period after the 2009 date, which is viewed as the start of the period for statute of limitations. Can you speak to that? Yes, so to the extent I understood Mr. DeMarco's argument, what I think he was saying was expressing a view that the district court reached out and held that even claims arising after December 24th, 2009 were also time barred. As a factual matter, that's not what the district court did. The only claims that the district court held were time barred were the formation claims, which all accrued in 2004. And so to the extent plaintiffs thought that the continuing violations doctrine could somehow resuscitate those claims from arising in February, 2004, that argument was fully available to plaintiffs at the time this issue was briefed in the district court. Those claims were already time barred. The formation claims were already clearly time barred, but for the application of some sort of polling. And in fact, plaintiffs did argue in favor of polling in the district court, but they advanced the number of grounds that they have now abandoned on appeal. What they never did to try to resuscitate those claims from 2004 was to say that continuing violations somehow prevented the lapsing of the statute of limitations. So it's an argument that could have been raised below, should have been raised below, wasn't raised below. And so is waived. Now, I just wanna very briefly touch on the merits on the formation issue. So we explained in our briefs, it's far from clear that Florida law even recognizes the continuing violations doctrine outside of the narrow context of contracts for installment payments, or that it would recognize it as a tolling doctrine at all. I'm gonna rest on the briefs there. What I really wanna do is focus on the distinction that plaintiff ignores between the use of continuing violations doctrine as a separate accrual rule, and then the pure form of the doctrine. Most of the cases and all of the Florida cases cited by plaintiff involve the separate accrual rule. And that rule holds that if a similar course of conduct begins outside the limitations period and continues into the limitations period, a plaintiff can bring claims based on conduct that occurs within the limitations period. But the problem for plaintiffs here is that the separate accrual rule is of absolutely no help to them. First, there's no similar course of conduct here, but more fundamentally, that rule only permits the plaintiff to sue based on breaches occurring within the limitations period. And here, the breaches underlying the formation claims all occurred in February 2009 outside the limitations period. Plaintiff's principal, Larry Schneider, testified that he was aware that Chase, in his view, had defrauded him and breached its contract with him as of that date. So what plaintiffs are instead trying to do is revive those earlier claims based on the continuing violations doctrine, and that would necessarily involve the pure version of the rule. And as we describe in our brief, the kind of paradigmatic example of the pure rule is a hostile work environment case. And the defining feature there is that a cognizable claim doesn't accrue immediately, but only through a course of conduct that ripens into a claim over time. Plaintiff doesn't cite any Florida law suggesting that a Florida would apply this pure continuing violations rule at all. But even if it might, the facts of this case just don't fit the doctrine. If Chase breached a contract with MRS by delivering the wrong loans or inadequate loan documentation, that breach was completed in February 2009. The claim was right. So plaintiff's formation claims accrued at that time, irrespective of anything that did or didn't happen later. So for these fundamental reasons, the continuing violations doctrine can't revive the formation claims. And now I'd like to turn briefly to the interference claims. In the court below, the party's focus was on allegations that Chase interfered with plaintiff's ability to collect on certain loans in two main ways, by sending erroneous debt forgiveness letters to a handful of borrowers and by filing lien releases. So in order to survive summary judgment on the interference claims, plaintiffs needed to come forward with evidence that they were injured by the lien releases or debt forgiveness letters. And the district court correctly found that they didn't do that. Plaintiff's damages expert didn't calculate any damages stemming from lien releases or debt forgiveness letters. He didn't calculate any damages at all for plaintiff SNA or first fidelity in fact. Even more damning for plaintiffs, Chase asked them in discovery to identify each instance where a borrower's payment ceased or was interrupted by a debt forgiveness letter or lien release. Plaintiff's response was quote, plaintiffs are aware that this happened from time to time, but are unable to specifically identify any particular loans. Did Chase at some point offer to buy back loans that had been released and what happened there? So the record shows that there were 23 cases in which Chase sent erroneous debt forgiveness letters to borrowers. And out of how many, by the way, out of how many altogether were covered by these transactions? Thousands or? Yeah, so total between the three plaintiffs, it's about 4,500 loans. 3,500 in the MRS bulk transaction and then a thousand or so one-off sales to the other two plaintiffs. Out of those, there's record evidence of 23 instances of debt forgiveness letters. In 13 of those cases, I believe, Chase purchased the loans back from the plaintiff at a substantial premium, I might add. And then the 10 others, plaintiff elected to keep them because, and the record shows this, plaintiff thought that it was gonna be able to collect on the loans, notwithstanding the letters. So Chase was willing to buy back the other 10 as well? There was an offer to buy back all of them. Plaintiffs accepted it as to 13, rejected it as 10 because they thought they could still collect. And so- And what about the one example, counsel was referring to a letter that he acknowledges is not part of the record that makes some specific reference. How do you deal with that? So this was a handful of documents that plaintiffs filed with a motion to supplement the record. That motion was denied by a motions panel in this case. So it's not before the court, it was never considered by the district court. And in fact, these are all for the most part, new documents that didn't exist at the time that this case was being litigated in the district court. So we'd say they're fundamentally irrelevant to the dispute before the court. And we'd also say that if the court goes and look at them, they still don't actually demonstrate the thing that the district court found plaintiffs failed to demonstrate, which is the fact of damages. The new documents, even if this court were to consider them, simply don't change the fact that plaintiffs haven't shown the fact of damages. What I think is really telling is that as to the lien releases and debt forgiveness letters, plaintiffs dispute very little of what I just told your honors in their briefs. And said they essentially switched tack and present the court with a grab bag of one-off allegations concerning an ever-changing handful of loans. This one your honor referenced being the most recent example. It's obviously impossible to go through all of those, but I wanna make a few high-level points about it. And really in this context, I'm reminded of the phrase from Judge Easterbrook that judges are not like pigs hunting for truffles buried in the record. Plaintiffs really never presented any of these issues in any meaningful way to Judge Swain below. And so we would submit that they were never properly raised and therefore aren't properly preserved. The second point I'd make is that once again, plaintiffs run headlong into their interrogatory responses. Chase asked plaintiffs to identify and discovery instances in which Chase retained a payment on a loan that they purchased from Chase. And the reason we asked this of course was so that we could develop a record regarding any such loan. But plaintiffs again responded that they quote, are not now in possession of such information. So these examples that you see stray references to in Mr. DeMarco's brief about Chase retaining payments are simply contrary to their own sworn interrogatory responses. And none of them we would submit were properly established the fact of damages. And so I see I'm about out of time. I just like to very briefly address if I may, the issue of nominal damages. As your honors recognize, I think the problem plaintiffs have here is waiver. At no point did they ever argue that they should be permitted to move forward with a claim for nominal damages below. They raised the issue for the first time in their appeal brief, and we've cited cases demonstrating in our brief that under those circumstances, a remand for the limited purposes of nominal damages is inappropriate. Thank you, counsel, Mr. DeMarco, I think you've retained three minutes for rebuttal. Thank you, your honors. First and foremost, defendants make a big deal of separating out the loans into what in the breaches into what they refer to as formation versus interference claims. When it comes to the formation claims, they're specific to the MRS, Mortgage Resolution Servicing Plaintiff. Those claims, that distinction is a false distinction. It is just for the purposes of them illustrating what their argument is. But interestingly enough, defendants very cleverly take that formation versus interference. They then refer to the interference claims as being applicable to all three plaintiffs, but in arguing only argue about the interference claims with SNA and First Fidelity, with full knowledge that the post December 24th, 2009 dismissal issues were grouped in, those interference to use their definition, those interference claims were never actually allowed to move forward. So when defendant says that it was thrown out for a different reason, it is very clear that this distinction doesn't exist. It's for their purposes to create a two-sided coin that they can then claim was addressed in full by the district court. Mr. DeMarco, on the damages issue, do you dispute what counsel said that there were 23 loans identified that were improperly released, but that Chase offered to buy them all back? We do dispute it. The record shows that there were 700 lien release letters that were sent out. And the fact that we do not, and granted your honors, the interrogatories do say that we don't have that information. It's because the plaintiffs control, the defendants control all the information. They had the records. At one point they turned around and sent us a letter saying- It's your obligation to find that evidence during discovery. But not if they're holding it back and we filed multiple motions requesting that the information be given. And they would turn around and they would say, we've given you everything. Yet somehow when they made the statement that this is it, we've given you everything, we've given you access to this database, that database somehow didn't include the fact that with this loan 13 years later. So your honors, I would submit that what the defendants did was to have purposeful data integrity issues and now are able to fall back and claim that there's somehow our fault. The law doesn't support that. We've demonstrated that they interfered with the contract. That is the demonstration of the actual damage. The amount of those damages can't be a certain because of what the defendants are holding onto. I appreciate the court's time.  Thank you both. We'll reserve decision. Thank you, your honors.